HENE et al. v. SAMSTAG et al.

(District Court, S. D. New York. June 28, 1912.)

No. 5—192.

LITERARY PROPERTY (§ 6*)—RIGHT TO CONTROL USE—REPRODUCTION OF SKETCH IN FORM OF DOLL.

An agreement by the artist who produced the sketches of "The Newly-weds," by which he licensed complainants to "use an exact reproduction of Napoleon, the Newlyweds' baby, in the shape of a doll," conferred no exclusive right, in the absence of any copyright covering such reproduction.

[Ed. Note.—For other cases, see Literary Property, Cent. Dig. § 5; Dec. Dig. § 6.*

Rights of authors to control publication, disposition, or use of their productions independent of statutory copyright, see note to Bobbs-Merrill Co. v. Straus, 97 C. C. A. 620.]

In Equity. Suit by William B. Hene, Jacob J. Rosenthal, and George McManus against Henry F. Samstag, Moritz Hilder, L. Albert Samstag, and Jacob Hilder, partners as Samstag & Hilder Bros. On final hearing. Decree for defendants.

Grafton L. McGill, of New York City, for complainants.

Livingston Gifford and Charles S. Jones, both of New York City, for defendants.

PLATT, District Judge. There are many interesting points in this case, and a general discussion of all the features would be a pleasant task, but it is not thought that any useful purpose would be subserved thereby. Complainants Hene and Rosenthal have no standing in court, unless they show some right growing out of the license agreement of June 19, 1909.

As to the enforced complainant McManus, all his rights as cartoonist to the presentation by sketches of "Napoleon, the Newlyweds' Baby," had been passed over to the Press Publishing Company long before. On June 19, 1909, he had, I presume, a right to produce his "Napoleon" in any concrete form for commercial purposes which it suited him to adopt and appropriate. In the license agreement he bar-

gained to license Hene and Rosenthal to "use an exact reproduction of Napoleon, the Newlyweds' baby, in the shape of a doll." He had not then obtained any copyright authority to make such a doll, indeed, has never asked for such authority, and it is stoutly contended that he could not have gotten it, if he had asked for it. It is altogether too far a cry to attempt to force out of the license agreement any suggestion of the copyright which he attempted to secure in the fall of 1909.

My conclusion on this phase of the case is decisive of the issues presented. Let the bill be dismissed, with full costs. In the light of the record, it seems unfair to enlarge them by adding any fee for the attorney.